UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Plevniak, et al., | ) | CASE NO.: 4:09CV2824 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Barr Laboratories, Inc., et al., | ) | |
| | ) | |
| | ) | |
| | ) | (Resolves Doc. 15) |
| Defendants. | ) | |

This matter comes before the Court on Plaintiffs' motion to remand this matter to the Mahoning County Court of Common Pleas. The Court has been advised, having reviewed the motion, response, pleadings, and applicable law. For the reasons stated below, the motion to remand is DENIED.

**I. Facts**

Plaintiffs filed suit against Defendants, Barr Laboratories, Inc., Bayer Healthcare Pharmaceuticals, LLC, Dr. Susan Woods, and Walgreen Co. on October 16, 2009 in the Mahoning County Court of Common Pleas. Barr Laboratories removed the matter to this Court on December 4, 2009. On February 16, 2010, Plaintiffs moved to remand the matter, asserting that Dr. Woods had not consented to the removal of this action. Barr Laboratories and Bayer Healthcare opposed the motion on February 22, 2010. The Court now resolves the motion.

**II. Law & Analysis**

28 U.S.C. § 1447(c) provides as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

It is undisputed that Plaintiffs did not move to remand this matter within 30 days of the notice of removal. Moreover, this Court has found no persuasive authority that would suggest that a defect in the procedures for removal deprives this Court of subject matter jurisdiction. Instead, the weight of authority demonstrates that any procedural defect in the removal procedure is waived if it is not timely presented.

> It is true that technical defects in the removal procedure, such as a breach of the rule of unanimity, may not be raised *sua sponte*, and must be raised by a party within thirty days of removal or they are waived. *See* 28 U.S.C. § 1447(c); *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

*Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003). As Plaintiffs did not move to remand within 30 days of the notice of removal, their argument regarding technical defects in the removal procedure is waived.

### III. Conclusion

Plaintiffs' motion to remand is DENIED.


Dated: March 15, 2010           /s/ Judge John R. Adams
                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT COURT